**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEODEGARIO SALVADOR, | No. 13-17456 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01011-JCM-GWF |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION and WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Leodegario Salvador appeals pro se from the district court's judgment

dismissing his diversity action seeking to quiet title. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. _See_ Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We reverse and remand.

The district court dismissed Salvador's suit on the basis of its determination that a homeowner's association's ("HOA") nonjudicial foreclosure based on a super-priority lien under Nevada law does not extinguish a first security deed of trust. However, the Nevada Supreme Court has since held in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and nonjudicial foreclosure on this lien extinguishes all other interests in that property. Accordingly, the district court's dismissal, to the extent it was based on a contrary interpretation of the Nevada HOA super-priority statutory scheme, was erroneous. *See, e.g.*, *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir. 1985) (federal courts "are bound to follow the decisions of a state's highest court in interpreting that state's law").

This remand is without prejudice to the due process argument and argument based on the Glenview West Townhomes Association's Covenants, Conditions & Restrictions, which the district court may address in the first instance.

Salvador's motion for summary judgment is denied as moot.

**REVERSED and REMANDED.**

13-17456